IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| EMILY KLEINER, *Plaintiff*, v. ANTHEM, INC. *Defendant*. | Civil Action No.: 1:23-cv-01589 **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Emily Kleiner ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant Anthem, Inc. ("Anthem" or "Defendant") on the grounds and in the amount set forth as follows:

## INTRODUCTORY STATEMENT

"Violate your sincerely held religious beliefs or you lose your job." There is perhaps no greater textbook example of the conduct expressly prohibited by Title VII–nevertheless, in violation of Title VII Anthem required Plaintiff to violate her sincerely held religious beliefs in order to keep her job. After dutifully fulfilling all obligations of her employment for more than seven (7) years, Anthem terminated Plaintiff's employment because of her sincerely held religious beliefs.

For 35 consecutive weeks—the deadliest weeks of the COVID-19 pandemic—Anthem permitted its employees to forego vaccination despite its availability since December 2020. Then in September 2021, Anthem reversed course and immediately began requiring strict compliance with its newly adopted mandatory COVID-19 vaccination policy (the "Policy"). In promulgating

1

the Policy, Anthem never intended to grant religious accommodation requests, even though its employees are entitled to the same absent proof of an undue hardship.

On or about September 30, 2021, Plaintiff submitted to Anthem a request for a reasonable accommodation to the Policy based on her sincerely held religious beliefs. Two weeks later, Anthem denied Plaintiff's request and thereafter, without seeking to accommodate her request for accommodation as required by Title VII, unlawfully terminated her employment on or about October 25, 2021 based upon her refusal to be vaccinated due to her sincerely held religious beliefs.

## PARTIES

1. Plaintiff is an adult resident of the State of Maryland and a former Anthem employee. Plaintiff is a religious person with sincerely held religious beliefs, and based on her beliefs, Anthem terminated her employment.

2. Anthem is a health insurance provider and a private corporation incorporated under the laws of the State of Indiana. Anthem maintains its principal place of business and headquarters in Indianapolis, Indiana within this District. At all times relevant, Anthem conducted substantial business in all fifty (50) states, including the State of Maryland and within the jurisdiction of this District, and served as Plaintiff's employer until her unlawful termination. With nearly 100,000 employees, Anthem qualifies as an employer pursuant to 42 U.S.C. § 12111(5), in that at all times relevant, Anthem employed more than twenty-five (25) persons for each working day in each of 20 or more calendar weeks in the current and preceding years.

## JURISDICTION

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117, both of which provide for original jurisdiction for Plaintiff's claims arising under the laws of the United States.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims brought pursuant to the Indiana Civil Rights Law, IC 22-9-1-2 ("ICRL"), in that such claims are so closely related to Plaintiff's federal Title VII claims providing the basis for this Court's original jurisdiction as to satisfy the same case or controversy requirement prescribed by Article III of the United States Constitution.

**VENUE**

5. Venue is proper pursuant to U.S.C. §1391 in that Defendant maintains its headquarters and principal place of business in this district and because a substantial portion of the events and the decision-making giving rise to the events complained of herein occurred in this district.

6. Venue is also proper pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the alleged unlawful employment practices were committed within this district, the employment records relevant to the alleged unlawful employment practices are maintained in this district, and Defendant conducts substantial business in this district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. On March 22, 2022, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination on the basis of her religion. The last date of discrimination was October 29, 2021, which makes her filing timely as it was within 180 days of the aforementioned last date of discrimination.

8. On June 6, 2023, the EEOC issued Plaintiff a Determination and Notice of Right to Sue Letter ("RTS Letter"). Plaintiff did not request her RTS Letter. Rather, the EEOC issued Plaintiff her RTS Letter on its own volition after Plaintiff had fully complied with the requirements of the interactive process.

9. Plaintiff received her RTS Letter on June 8, 2023.

10. Plaintiff has exhausted all administrative remedies and complied with all conditions precedent in maintaining this action, in that Plaintiff filed her Charge of Discrimination with the EEOC within 180 days of the last date of discrimination, and received her RTS letter less than 90 days before September 5, 2023, which is the date on which this action was filed.

## STATEMENT OF FACTS

11. In May 2015, Plaintiff began working for Anthem as a Registered Nurse. At the time Anthem hired Plaintiff, there was no obligation to become vaccinated against COVID-19.

12. Then, in September 2021, Anthem for the first time notified its employees, including Plaintiff, that they were now required to become vaccinated against COVID-19 as a condition of continued employment.

13. After learning of Anthem's newly implemented mandatory COVID-19 vaccination Policy, Plaintiff notified Anthem that she holds sincere religious beliefs that conflict with Anthem's Policy. As a result, on or about September 30, 2021, Plaintiff expressly requested a reasonable accommodation for her sincerely held religious beliefs in accordance with her right to such accommodation under both, state and federal law.

14. Shortly thereafter, Anthem denied Plaintiff's accommodation request, and terminated her employment on October 29, 2021, because of Plaintiff's sincerely held religious beliefs, due to her membership in a protected class and in retaliation for the reasonable religious accommodation request Plaintiff submitted to Anthem in response to its mandatory vaccination Policy.

15. Plaintiff knows that her religious beliefs, membership in a protected class, and accommodation request are the direct and proximate reasons she was terminated because at no time prior to informing Anthem of her sincerely held religious beliefs did Anthem indicate Plaintiff was not meeting Anthem's reasonable job related expectations; thus, there was no conduct-based

reason for terminating her. Moreover, Anthem was not experiencing financial hardships leading to lay-offs at the time. Nevertheless, less than a month after advising Anthem of her sincerely held religious beliefs, Anthem terminated Plaintiff's employment, leading to the inference that she was terminated due to her sincerely held religious beliefs and because Anthem was unwilling to reasonably accommodate her beliefs as required by Title VII.

16. In her request for a reasonable religious accommodation, Plaintiff explained to Anthem that it is fundamental to her Christian faith that she refuse to receive or participate in any medical intervention, including a vaccination, if doing so is inconsistent with her religious beliefs and understanding of God's requirements of her and therefore constitutes a sin.

17. Plaintiff thereafter pointed to authoritative religious teachings in which she believes that demonstrate the principled religious basis on which a Christian like herself may conclude that receiving a COVID-19 vaccine is inconsistent with her sincerely held religious beliefs. Specifically, Plaintiff informed Anthem that:

   a. Abortion is a sin and contrary to the teachings of the Christian Church. As a result, a Christian may invoke Church teaching to refuse a vaccine developed, tested or produced using abortion-derived cell lines.

   b. The Bible teaches that the body is the temple of the Holy Spirit and that a Chrisitan must be careful not to take into one's body things that are inconsistent with an individual's understanding of God's requirements.

   c. Vaccination is not morally obligatory in principle and so must be voluntary.

   d. There is a general duty of conscience and religious practice to refuse the use of medical products, including vaccines, that are produced using human cells lines derived from abortions.

   e. A Christian is required to obey his or her conscience and personal understanding of the Bible and to seek to worship God in spirit and in truth.

18. Plaintiff sincerely believes that to consume or knowingly inject anything into her body in conflict with the foregoing principles would constitute a sin.

19. Despite the indisputable religious nature of Plaintiff's sincerely held beliefs, and the sincerity with which she holds the aforesaid religious beliefs, Anthem nevertheless refused to provide Plaintiff with a *true and genuine* reasonable accommodation.

20. Placement on an unpaid leave of absence does not constitute an accommodation.

21. Even if being placed on an unpaid leave of absence did constitute an accommodation, an unpaid leave of absence is not a *reasonable* accommodation, as required under Title VII and the ICRL.

22. At all times relevant, Plaintiff performed the essential functions of her job at or in excess of Anthem's reasonable expectations.

23. At all times relevant, Plaintiff was able to perform the essential functions of her job and perform all duties in full satisfaction of the job performance standards with or without a reasonable accommodation. This is evidenced by factors including without limitation, Plaintiff's education, experience, work history, and her performance reviews.

24. At all times relevant, Plaintiff complied with all COVID-19 mitigation protocols Anthem implemented, including *inter alia* wearing masks, socially distancing, responding to frequent questioning concerning her symptoms, weekly testing, and submitting to daily temperature checks (collectively, "mitigation protocols").

25. The mitigation protocols, both individually and collectively, have evidenced-based track records demonstrating their effectiveness and the feasibility with which Anthem is able to implement and provide any or all of the mitigation protocols.

26. Based upon Anthem's provision of the aforesaid mitigation protocols and the continuation of such provision of the same for more than nine months during 2021 despite the widespread availability of COVID-19 vaccinations, it is not subject to reasonable dispute that the aforesaid mitigation protocols do not impose upon Anthem an undue hardship.

27. Moreover, there was little, if any, cost associated with accommodating Plaintiff, thereby failing to meet the standard required to establish an undue hardship.

28. Plaintiff has always been amenable, and Plaintiff remains amenable, to abiding by the aforesaid mitigation protocols, and Anthem was aware of her amenability to the same at all times relevant.

29. The reasonable religious accommodation Plaintiff sought would not impose an undue hardship upon Anthem and does not impose an undue hardship upon Anthem.

30. Plaintiff sincerely holds religious beliefs, as explained more fully above.

31. There is no dispute that Anthem and Plaintiff are in agreement that the religious beliefs she asserted are in fact, religious.

32. Plaintiff's religious beliefs are sincerely held.

33. There is no dispute that Anthem and Plaintiff are in agreement that her religious beliefs are in fact, sincerely held. Anthem has never challenged the sincerity with which Plaintiff holds her beliefs.

34. By treating Plaintiff differently, terminating her employment, and taking the aforesaid adverse employment action against her because of her religion and because she requested a religious accommodation, Anthem engaged in religious-based discrimination in violation of Title VII and the ICRL.

35. Refusing to provide Plaintiff with a reasonable religious accommodation that does not impose an undue hardship despite Plaintiff's lawful entitlement to such an accommodation also constitutes a violation of Title VII and the ICRL.

36. As a religious person, Plaintiff is a member of a constitutionally protected class (religion), and her protected class is entitled to equal protection of law as are other protected classes of persons, such as those who are disabled.

37.     Denying Plaintiff's request for a reasonable religious accommodation without any reason grounded in law or fact and thereafter, terminating her, constitutes a failure to accommodate in violation of Title VII and the ICRL.

38.     Plaintiff's beliefs are religious, and Anthem does not dispute this.

39.     Plaintiff's religious beliefs are sincerely held, and Anthem does not dispute this.

40.     At all times relevant, Anthem could have reasonably accommodated Plaintiff's religious beliefs through numerous alternative COVID-19 mitigation protocols, including *inter alia* masking, social distancing, and weekly testing.

41.     At no time would accommodating Plaintiff through the aforesaid alternative COVID-19 mitigation protocols imposed upon Anthem an undue hardship.

42.     Upon learning Plaintiff was a religious person, Anthem placed Plaintiff on unpaid leave.

43.     Upon learning Plaintiff was a religious person, Anthem terminated her.

44.     Due to the pecuniary and non-economic damages sustained as a direct and proximate result of Anthem's intentional decision to act with malice and discriminate against Plaintiff because of her sincerely held religious beliefs, her membership in a protected class, and because Plaintiff requested a reasonable religious accommodation, Plaintiff lodges the following claims as Plaintiff's only means to redress the unlawful acts complained of herein:

**COUNT I**
**RELIGIOUS DISCRIMINATION**
**Violation of Title VII, 42 U.S.C. §§ 2000e, *et seq.***

45.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

46.     Plaintiff sincerely holds religious beliefs and is a member of a protected class based on her religion.

47. Plaintiff is an employee within the meaning of Title VII.

48. Anthem is an employer within the meaning of Title VII.

49. Title VII forbids an employer from refusing to provide its religious employees reasonable accommodations upon request when no undue hardship exists.

50. This extension of actionable religious discrimination to include a failure to accommodate derives from Title VII's definition of "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j).

51. A plaintiff can therefore make out a prima facie case under Title VII by showing (1) she held a bona fide religious belief, the practice of which conflicted with an employment duty; (2) the employer took adverse action—including the refusal to accommodate and constructive termination of employment—because of the plaintiff's inability to fulfill the job requirement; and (3) the plaintiff's religious practice was a motivating factor in the employer's decision. *See Abercrombie & Fitch*, 575 U.S. at 775.

52. Here, Plaintiff advised Anthem of her sincerely held religious beliefs and that she cannot inject the COVID-19 vaccines into her body.

53. At all times relevant, Plaintiff's sincerely held religious beliefs conflicted with Anthem's mandatory vaccination policy, and as a result of this, Anthem was obligated to reasonable accommodate Plaintiff based upon (1) the written religious accommodation request she submitted to Anthem on or about September 30, 2021, and (2) the inexistence of an undue hardship in doing so.

54. No undue hardship exists as Anthem permitted Plaintiff to work through the first nine (9) months of 2021 without requiring her to become vaccinated, despite multiple COVID-19 vaccines being readily available, free of charge.

55. As of the date of the adverse actions taken against Plaintiff, all COVID-19 vaccines ever made, produced, marketed, or sold in the United States were created, derived, produced, developed, tested, or made through the use of aborted fetal cell line tissue.

56. Because all COVID-19 vaccines ever made, produced, marketed, or sold in the United States were created, derived, produced, developed, tested, or made through the use of aborted fetal cell line tissue, Anthem's mandatory COVID-19 vaccination policy conflicted with Plaintiff's sincerely held religious beliefs, among which include her pro-life views and sincere belief that abortion constitutes a sin.

57. Plaintiff informed Anthem of this conflict and expressly sought an accommodation.

58. In response to Plaintiff's request for an accommodation, Anthem took adverse employment action against Plaintiff by terminating Plaintiff's employment, and this adverse employment action is directly, solely, and proximately motivated, in part, substantially, or entirely because of Plaintiff's religious need for an accommodation. *See* 42 U.S.C. § 2000e-2(a)(1) (actionable adverse actions include "discharg[ing]," or otherwise discriminating with respect to the "terms" and "conditions" of employment).

59. Anthem made no efforts at all to accommodate Plaintiff's sincerely held religious objection to its mandatory COVID-19 vaccination policy and then placed her on unpaid leave and terminated her employment because of the aforesaid conflict.

60. At all times relevant, Plaintiff was qualified, is qualified, and remains qualified to perform the essential functions of her job, with or without a reasonable accommodation and irrespective as to whether she is vaccinated.

61. At all times relevant, Plaintiff was qualified, is qualified, and remains qualified to perform the essential functions of her job with a reasonable accommodation.

62. Anthem's failure to produce any alternative accommodations therefore requires it to have accepted Plaintiff's proposed accommodation, which included utilizing the aforementioned COVID-19 mitigation protocols Plaintiff had adhered to for nine (9) straight months during the height of the pandemic; none of which ever created or imposed upon Anthem, an undue hardship.

63. Accommodating Plaintiff would not have imposed an undue hardship on Anthem, as evidenced by the utilization of the COVID-19 mitigation protocols as discussed above.

64. Other medical facilities and health systems have not insisted on mandatory vaccination without allowing for the provision of accommodations to objectors.

65. As a direct and proximate result of the aforesaid complained of conduct and violation of Title VII, Plaintiff sustained pecuniary and non-economic injuries in an amount that exceeds $300,000.00, including lost wages, benefits, retirement funds, the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, attorneys' fees, and costs associated with this action.

## COUNT II
### RELIGIOUS DISCRIMINATION
**Violation of the Indiana Civil Rights Law, IC-22-9-1-2**

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

67. The ICRL prohibits employers from discriminating on the basis of *inter alia* religion. *See* IC-22-9-1-2.

68. Anthem had actual knowledge of Plaintiff's sincerely held religious beliefs based on the correspondences exchanged concerning her accommodation request and denial thereof, as well as all discussions and conversations regarding her termination.

69. Plaintiff experienced adverse employment action and a materially adverse change in the terms and conditions of her employment—namely, the termination of her employment—because of her sincerely held religious beliefs.

70. At all times relevant, Plaintiff was qualified, is qualified, and remains qualified to perform the essential functions of her job, with or without a reasonable accommodation and irrespective as to whether she is vaccinated.

71. At all times relevant, Plaintiff was qualified, is qualified, and remains qualified to perform the essential functions of her job with a reasonable accommodation.

72. Because of Plaintiff's sincerely held religious beliefs, Anthem took adverse employment action against her by terminating Plaintiff's employment.

73. Providing a reasonable religious accommodation to Plaintiff would not cause Anthem to suffer an undue hardship as evidenced by Anthem's previous provision of mitigation protocols in lieu of vaccination and the efficacy such mitigation protocols demonstrated in achieving the ends intended to be achieved by Anthem's mandatory vaccination policy.

74. All allegations set forth herein constitute discrimination on the basis of religion.

75. All allegations set forth herein constitute a failure to accommodate on the basis of religion.

76. All allegations set forth herein constitute a violation of the ICRL's prohibition of religious discrimination.

77. As a direct and proximate result of the aforesaid conduct complained of herein, Anthem acted unlawfully and in violation of IC-22-9-1-2 and as a direct and proximate result of

Anthem's violation of the ICRL, Plaintiff sustained pecuniary and non-economic injuries in an amount of five hundred thousand dollars, $500,000.00, including lost wages, benefits, retirement funds, the denial of promotional opportunity, humiliation, embarrassment, unnecessary pain and suffering, attorneys' fees, and costs associated with this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in her favor, award such relief as to make Plaintiff whole and remedy the aforesaid violations of Indiana state and federal law, and hold Anthem liable and in doing so, award all legal and equitable relief provided by law, including but not limited to:

a. Issue a declaratory judgment that the practices complained of in this Complaint are unlawful and violate Title VII of the Civil Rights Act and ICRL;

b. Enjoin Anthem from pursuing its policy of asserting unpaid leave constitutes a "reasonable" accommodation;

c. Require Anthem to adopt hiring and employment policies that comply with Title VII and IC-22-9-1-2, including their requirement that employers make reasonable accommodations to religious beliefs and practices in general and faith-based objections to loyalty oaths in particular and any other appropriate and legally permissible injunctive relief in accordance with proof;

d. Award Plaintiff all appropriate and legally available monetary relief, including lost compensation and benefits, in an amount to be determined at trial but not in an amount less than $600,000.00 to make her whole for the loss she suffered as a result of the unlawful conduct alleged in this Complaint;

e. Award Plaintiff any interest at the legal rate on such damages as appropriate, including pre- and post-judgment interest;

  f. Award compensatory damages to Plaintiff to fully compensate her for the pain, suffering, and other expenses caused by the harmful conduct alleged in this Complaint;

  g. Award Plaintiff reasonable attorney's fees for the work of her attorneys in pursuit of this action and the protection of her rights;

  h. Award Plaintiff all costs, disbursements, and expenses she paid or that were incurred on her behalf;

  i. Award such additional relief the Court deems just and proper; and

  j. Award any other relief as allowed by law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues and questions of fact so triable.

Dated: September 5, 2023

            Respectfully submitted,

            **KROGER, GARDIS & REGAS, LLP**

            /s/ WILLIAM BOCK, III
            William Bock, III, Atty. No. 14777-49
            KROGER, GARDIS, & REGAS, LLP
            111 Monument Circle, Suite 900
            Indianapolis, IN 46204
            Tel: (317) 692-9000
            wbock@kgrlaw.com

            /s/ MICHAEL A. YODER
            Michael A. Yoder* [DC1600519]
            LAW OFFICE OF MICHAEL A. YODER, PLLC
            2300 Wilson Blvd., Suite 700
            Arlington, VA 2201
            Tel: (571) 234-5594
            michael@yoderesq.com
            **pro hac vice* forthcoming

            *Counsel for Plaintiff*